UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

    ANAN LI STURGESS,

        CASE NO.: 12-06585-3G3

    Debtor.

_____

### DEBTOR'S SECOND AMENDED CHAPTER 13 PLAN

The Debtor submit the following Second Amended Chapter 13 Plan.

1. The future earnings of the Debtor is submitted to the supervision and control of the Trustee, and the Debtor shall pay to the Trustee:

    I. The sum of **$500.00** per month for ten months, commencing from first (1st) month of the Plan and continuing through the tenth (10th) month of the Plan.

    II. The sum of **$1,220.00** per month for fifty months, commencing from eleventh (11th) month of the Plan and continuing through the sixtieth (60th) month of the Plan.

2. The life of this Plan shall be **sixty (60)** months.

3. From the payments so received, the Trustee shall make disbursement as follows:

**A. PRIORITY CLAIMS**

1. The fees and expenses of the Trustee shall be paid over the life of the Plan at the rate of ten percent (10%) of the amount of all payments under the plan.

1

2. **REHAN N. KHAWAJA** is owed the sum of $3,000.00 for representing the Debtor in this case. The Trustee shall pay this sum by six (6) payments of $450.00 per month, commencing from the first (1st) month of the Plan and continuing through the sixth (6th) month of the Plan and one (1) payment of $300.00 in the seventh (7th) month of the Plan.

3. **INTERNAL REVENUE SERVICE** has a priority claim for income taxes in the amount of $19,081.07. The Trustee shall pay the foregoing amount by making one (1) payment of $150.00 in the seventh (7th) month of the Plan; three (3) payments of $450.00 per month, commencing from the eighth (8th) month of the Plan and continuing through the tenth (10th) month of the Plan; sixteen (16) payments of $1,098.00 per month, commencing from the eleventh (11th) month of the Plan an continuing through the twenty-sixth (26th) month of the Plan and one (1) payment of $13.07 in the twenty-seventh (27th) month of the Plan.

B. **SECURED CLAIMS**

1. **CHASE BANK** holds a first mortgage on Debtor's property located at 9043 Brewer Creek Place, Manassas, VA. Debtor hereby surrender her interest in the said collateral in full satisfaction of the debt.

2. **WELLS FARGO BANK** holds a second mortgage on Debtor's real property located at 9043 Brewer Creek Place, Manassas, VA. Debtor hereby surrender's her interest in the collateral in full satisfaction of the debt.

3. **PNC BANK** holds a mortgage on Debtor's real property located at 3522 Knoll Point Drive, Garland, TX. Debtor is current on her payments to this creditor and will continue making the payments on this debt outside this Chapter 13 Plan.

### C. UNSECURED CLAIMS

1. All unsecured creditors, including those secured creditors who have deficiency claims, who timely filed their claims shall receive distribution pro-rata. The Trustee shall distribute to the unsecured creditors by one (1) payment of $1,084.93 in the twenty-seventh (27th) month of the Plan and thirty-three (33) payments of $1,090.00 per month, commencing in the twenty-eighth (28th) month of the Plan and continuing through the sixtieth (60th) month of the Plan.

### D. MISCELLANEOUS PROVISIONS

1. The Debtor(s) do/does not reject any executory contracts.

2. Title to all property of the estate shall revest in the Debtor(s) upon confirmation of this Plan, subject to all vested liens.

3. Each allowed secured mortgage claim account shall be deemed current as of the date of confirmation for the purpose of requiring annual timely escrow account statements pursuant to the provisions of 24 C.F.R., §3500.17(i). This provision does not excuse the Debtor(s) from making the required payments under the terms of this Plan.

4. Any claims filed after the claims deadline, shall receive no distribution under this Plan unless specifically provided for above. This shall not apply to claims filed by the Debtor(s).

5. Any mortgage lien holder who has established, or who will establish, an escrow account in connection with the mortgage loan shall (a) conduct an annual escrow analysis in the debtor's account; (b) notify the Debtor(s) and the Chapter 13 Trustee on an annual basis if there is an escrow account deficiency, stating the amount of such deficiency and the reason for

the deficiency; (c) furnish the debtor and the Chapter 13 Trustee an annual escrow account statement that meets the requirements of 12 C.F.R., §3500.17(i). Any such escrow analysis must be performed in a timely manner so as to allow payment of taxes and insurance premiums at the discount provided by applicable State law.

      6.     Confirmation of this Plan shall mean that the Debtor(s) has/have met all requirements of 11 USC § 521(a)(1).

      7.     Except as provided for in the Plan, the order confirming the Plan or other court order, no interest, late charges, penalties or attorney's fees will be paid or accessible by any secured creditor. 11 U.S.C. Section 1327(a) provides:

> "The provisions of a confirmed Plan bind the debtor(s) and each creditor, whether or not the claim of such creditor provided for by the Plan, and whether or not such creditor has objected to, has accepted, or has rejected the Plan."

      8.     Confirmation of the Plan shall impose an affirmative duty of the holders and/or the servicer's of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor(s) to do all of the following:

> I     To apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages. For purposes of this Plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim and shall have a zero balance upon the entry of the Discharge Order in this case.

    II      To deem the pre-petition arrearages as contractually current upon confirmation of the Plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default of defaults.

    III     To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtor(s) to the month in which each payment was designated to be made under the Plan or directly by the Debtor(s), whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense forbearance, or similar account.

9. Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtor's completion of the Plan, unless specifically provided for in this order, or by further order of the Court on motion filed prior to completion of the Plan.

10. The fees and expenses of the Trustee provided for in Paragraph A(1) are set by the United States Trustee. Should the percentage of these fees and expenses are reduced

by the United States Trustee's office, the Debtor's monthly payment shall change accordingly to reflect the change in the Trustee's commission.

DATED: This 4th day of March, 2013.

/s/ Rehan N. Khawaja
REHAN N. KHAWAJA, ESQUIRE
Florida Bar No. 0064025
Law Offices of Rehan N. Khawaja
817 North Main Street
Jacksonville, Florida 32202
Telephone: (904) 355-8055
Facsimile: (904) 355-8058
E-Mail: khawaja@fla-bankruptcy.com

Attorney for Debtor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the Debtor's Second Amended Chapter 13 Plan has been furnished electronically or by United States Mail to all parties listed on the attached matrix at the addresses shown thereon this 4th day of March, 2013.

/s/ Rehan N. Khawaja
REHAN N. KHAWAJA, ESQUIRE
Florida Bar No.: 0064025
Bankruptcy Law Offices of Rehan N. Khawaja
817 North Main Street
Jacksonville, Florida 32202
Telephone: (904) 355-8055
Facsimile: (904) 355-8058
E-Mail: khawaja@fla-bankruptcy.com

6

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:12-bk-06585-PMG<br>Middle District of Florida<br>Jacksonville<br>Wed Feb 27 16:26:50 EST 2013 | InSolve Recovery, LLC, c/o Capital Recovery<br>Dept 3203<br>PO BOX 123203<br>Dallas, TX 75312-3203 | Anan Li Sturgess<br>871 Atlantic View Drive<br>Fernandina Beach, FL 32034-4812 |
| SunTrust Bank<br>c/o GrayRobinson, P.A.<br>50 North Laura Street<br>Suite 1100<br>Jacksonville, FL 32202-3611 | AMEX<br>PO BOX 297871<br>FORT LAUDERDALE, FL 33329-7871 | ARI Green Energy, Inc.<br>871 Atlantic View Drive<br>Fernandina Beach, FL 32034-4812 |
| American Express Centurion Bank<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | BK OF AMER<br>DE5-019-03-07<br>NEWARK, DE 19714 | Baptist Nassau<br>PO Box 44114<br>Jacksonville, FL 32231-4114 |
| CHASE<br>PO BOX 15298<br>WILMINGTON, DE 19850-5298 | CHASE<br>PO BOX 24696<br>COLUMBUS, OH 43224-0696 | Comcast<br>P.O. Box 530099<br>Atlanta GA 30353-0099 |
| DISCOVER FIN SVCS LLC<br>PO BOX 15316<br>WILMINGTON, DE 19850-5316 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | FIA Card Services, N.A. as successor to<br>Bank of America, N.A. (USA)<br>and MBNA America Bank, N.A.<br>4161 Piedmont Parkway (NC4 105 03 14)<br>Greensboro, NC 27410-8110 |
| Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Frost Arnett Company<br>PO Box 198988<br>Nashville, TN 37219-8988 | GrayRobinson, P.A.<br>c/o Kenneth B. Jacobs, Esquire<br>50 North Laura Street, Suite 1100<br>Jacksonville, FL 32202-3611 |
| I.C. SYSTEM INC.<br>P.O. BOX 64378<br>ST PAUL, MN 55164-0378 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia PA 19101-7346 | Law Office of Nancy Akel Draughon, PA<br>3733 University Blvd, W Suite 212<br>Jacksonville, FL 32217-2155 |
| Main Street Acquisition Corp., assignee<br>of CHASE BANK USA, N. A.<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | (p)NASSAU COUNTY TAX COLLECTOR<br>86130 LICENSE ROAD<br>STE 8<br>FERNANDINA BEACH FL 32034-3786 | Nationwide Credit, Inc.<br>3835 North Freeway Blvd. Suite 115<br>Sacramento, CA 95834-1977 |
| Noro IP, Inc.<br>3315 Avalon Road<br>Suite # 200<br>Cleveland OH 44120-3407 | PNC MORTGAGE<br>6 N MAIN ST<br>DAYTON, OH 45402-1908 | PNC Mortgage<br>3232 Newmark Drive<br>Miamisburg OH 45342-5433 |
| Suntrust Bank<br>Attn: Bankruptcy Department<br>PO Box 26264<br>Richmond, VA 23260-6264 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 | WELLS FARGO BANK NV NA<br>PO BOX 31557<br>BILLINGS, MT 59107-1557 |

| | | |
|---|---|---|
| Wells Fargo Bank, NA<br>1 Home Campus<br>MAC X2303-01A<br>Des Moines, IA 50328-0001 | Zephyrhills Water<br>7035 Davis Creek Road<br>Jacksonville FL 32256-3027 | Kenneth B Jacobs +<br>GrayRobinson, P.A.<br>50 North Laura Street, Suite 1100<br>Jacksonville, FL 32202-3611 |
| Rehan N. Khawaja +<br>817 North Main Street<br>Jacksonville, FL 32202-3028 | United States Trustee - JAX 13/7 7+<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2217 | Douglas W. Neway +<br>P O Box 4308<br>Jacksonville, FL 32201-4308 |
| Nancy A Draughon +<br>Law Office of Nancy Akel Draughon, P.A.<br>210 W. 10th Street<br>Russellville, AR 72801-6034 | Wayne B Spivak +<br>Albertelli Law<br>Post Office Box 23028<br>Tampa, FL 33623-2028 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Nassau County Tax Collector
96135 Nassau Place
Yulee FL 32097

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Paul M. Glenn<br>Jacksonville | (u)U.S. Bank National Association as Trustee, | (d)Anan Li Sturgess<br>871 Atlantic View Drive<br>Fernandina Beach, FL 32034-4812 |
| (d)InSolve Recovery, LLC, c/o Capital Recover<br>Dept 3203<br>PO BOX 123203<br>DALLAS, TX 75312-3203 | (d)Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | End of Label Matrix<br>Mailable recipients   37<br>Bypassed recipients   5<br>Total              42 |